IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 18-cv-1845-WJM-KLM

BENJAMIN RAMSEY, by and through his guardian and next friend, Karla Ramsey,

    Plaintiff,

v.

SOUTHWEST CORRECTIONAL MEDICAL GROUP, INC.;
BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF DOUGLAS, COLORADO;
SOUTHWEST CORRECTIONAL MEDICAL GROUP, PLLC;
CORRECTIONAL MEDICAL GROUP COMPANIES, INC.;
SOUTHWEST CORRECTIONAL MEDICAL GROUP, LLC;
COLORADO CORRECTIONAL MEDICAL GROUP, PLLC;
NURSE JENNIFER TRIMBLE, in her individual capacity;
NURSE DEIMYS VIGIL, LPN, in her individual capacity;
TIMOTHY G. MOSER, M.D., in his individual capacity;
LINDSEY GEIGER, RN, in her individual capacity;
EMILY BARRON, RN, in her individual capacity;
SOPHIA HELENE NIX, LPN, in her individual capacity;
TINA HOLLAND, RN, in her individual capacity;
KATHRYN DAVIDSON, LPN, in her individual capacity;
JOAN M. CUNNINGHAM, RN, in her individual capacity;
SHAURI N. KRON, LPN, in her individual capacity;
DAISHA WADE, LPN, in her individual capacity; and
DEPUTY JOHN DOE ONE, in his individual capacity,

    Defendants.

## ORDER DENYING MOTION TO DISQUALIFY

Plaintiff Benjamin Ramsey ("Ramsey"), appearing through his mother in her role as legal guardian and next friend, alleges that the acts and omissions of numerous parties (collectively, "Defendants") led to him being denied necessary medications while in pretrial detention at the Douglas County Jail, in turn leading to seizures and

permanent brain damage.  He alleges, among other things, violations of his constitutional rights (by way of 42 U.S.C. § 1983).

On October 7, 2019, Attorney Cheryl Trine entered her appearance on behalf of Ramsey.  (ECF No. 182.)  Ms. Trine's and her client's intent is that Ms. Trine replace Bovo Law, LLC, and thus become Ramsey's sole counsel.  (*See* ECF No. 185.)  Before the Court, however, is Defendants' Joint Motion to Disqualify Counsel ("Motion to Disqualify").  (ECF No. 183.)  This motion seeks to disqualify Ms. Trine based on information she gained regarding Defendants that is potentially subject to a protective order in a since-settled lawsuit presided by U.S. District Judge R. Brooke Jackson, *Kevin Hartwell et al. v. Southwest Correctional Medical Group, PLLC, et al.*, Civil Action No. 17-cv-2278-RBJ (D. Colo., filed Sept. 20, 2017) ("*Hartwell*").

For the reasons explained below, Defendants' motion is denied.

## I.  LEGAL STANDARD

"A motion to disqualify counsel is addressed to the sound discretion of the district court."  *World Youth Day, Inc. v. Famous Artists Merch. Exch., Inc.*, 866 F. Supp. 1297, 1301 (D. Colo. 1994).  The moving party bears "the burden to establish the grounds for disqualification."  *Id.* at 1299.  With exceptions not relevant here, the United States District Court for the District of Colorado has adopted the Colorado Rules of Professional Conduct ("Colo. RPC") to govern attorney conduct in this District.  *See* D.C.COLO.LAttyR 2(a).

## II.  BACKGROUND

In *Hartwell*, Ms. Trine represented Kevin Hartwell and his wife, Barbara, in a lawsuit alleging that the Douglas County Jail failed to administer, or to properly

administer, drugs needed to control Kevin's diabetes, high blood pressure, and seizures—thus leading to seizures and other serious consequences.  (*See generally Hartwell*, ECF No. 1.)[1]  For all material purposes, the *Hartwell* defendants and Defendants here are the same.

The parties in *Hartwell* stipulated to a protective order ("*Hartwell* Protective Order") which allowed any party to designate documents produced in discovery as "Confidential" if the party "in good faith believes such documents or information are protected by a statutory, regulatory, or common law right of privacy <u>due to containing confidential medical or criminal information, or posing a jail security threat if publicly disclosed</u>."  (*Hartwell*, ECF No. 76 ¶ 3 (underscoring in original).)  The order further states that "Confidential Material shall be used only for the limited purpose of preparing for and conducting this civil action (including any appeals), and not for any other purpose whatsoever."  (*Id.* ¶ 4.)  In addition, it says that "[t]he termination of this action shall not relieve counsel or any party or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information pursuant to the Protective Order."  (*Id.* ¶ 10.)

During the course of discovery in *Hartwell*, Defendants disclosed to Ms. Trine information they designated as confidential.  As an example (the only example Defendants describe to this Court), they disclosed certain information about "every inmate who was transferred to the hospital [from the Douglas County Jail] between March 2016 and December 2016."  (ECF No. 183 ¶ 15.)  They made such disclosure over an objection that Ms. Trine's discovery requests were a "fishing expedition" and "an

---

[1] All ECF citations preceded by "*Hartwell*" are to the Hartwell docket (17-cv-2278).  All other ECF citations are to the docket in this case.

3

improper invasion of the inmates' privacy rights." (*Id.*)  What Defendants ultimately disclosed, however, had all of the inmate names redacted, and Judge Jackson ruled that the information was not properly designated "confidential."  (ECF No. 184 at 2–3; *Hartwell*, ECF No. 159.)

*Hartwell* settled in September 2019.  (*Hartwell*, ECF No. 246.)  Ms. Trine entered her appearance in this lawsuit on October 7, 2019.  (ECF No. 182.)  Defendants filed the Motion to Disqualify the next day.  (ECF No. 183.)

### III. ANALYSIS

**A.     The Parties' Arguments**

Defendants' legal basis for seeking Ms. Trine's disqualification has shifted somewhat over the course of briefing.  The Motion to Disqualify asserts Colo. RPC 1.7(a)(2), which Defendants summarize and partially quote as follows: "[The] Colorado Rules of Professional Conduct contemplate a situation where a lawyer must not represent a client if 'there is significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client.'"  (ECF No. 183 ¶ 18.)[2]  The Motion to Disqualify also cites *United States v. Culp*, 934 F. Supp. 394 (M.D. Fla. 1996).  Defendants describe this case as one in which the district court "grant[ed] [the] government's motion to disqualify defendant's chosen counsel where vigorous representation of the current defendant would require him to violate confidentiality obligations relating to prior representation."  (ECF No. 183 ¶ 24.)  The actual holding is not so generic.  The district court disqualified a criminal defense attorney because he "labor[ed] under an intractable conflict of interest, since the

---

[2] Colo. RPC 1.7(a)(2) actually extends to "another client, a former client or a third person or by a personal interest of the lawyer."

4

vigorous representation of his present client will require him to act in a manner adverse to the interests of [certain] former clients." *Culp*, 934 F. Supp. at 397.

In any event, the Motion to Disqualify argued that "[i]f Plaintiff seeks disclosure [in this lawsuit] of [the] records [produced in *Hartwell*], [Defendants] will seek to prohibit such disclosure for similar reasons articulated in the Hartwell Action," *i.e.*, "[s]uch disclosure is not appropriate in light of inmate privacy concerns." (ECF No. 183 ¶ 19 & n.4.) And, Defendants say, "[a]ny arguments raised by Plaintiff here [in favor of disclosure] would invariably be influenced by Ms. Trine's pre-existing knowledge of the contents of the documents sought. It is axiomatic that Ms. Trine cannot be expected to reasonably separate this knowledge for purposes of representing Plaintiff." (*Id.* ¶ 19.)

Ms. Trine responded that the Motion to Disqualify fails on its face because no Defendant is a former client, so the cited Rule of Professional Conduct does not apply. (ECF No. 184 at 3–5.) On the merits, moreover, Ms. Trine responded:

> What appears to be concerning the Defendants is that counsel for Plaintiff has "preexisting knowledge of the contents of the documents sought." ([ECF No. 183] ¶ 19). It could be inferred from this statement that Defendants plan to wrongly withhold documents, and Plaintiff's counsel will know if that happens. Regardless, Defendants failed to meet their burden to show Trine represented them by forming an attorney-client relationship with them.

(*Id.* at 6.)

In reply, Defendants changed course, declaring that the Motion to Disqualify "is not predicated on a claimed attorney-client relationship with Ms. Trine" (ECF No. 191 at 2) and that Ms. Trine's response "ignores the gravamen of Defendants' argument" (*id.* at 5). Defendants then say that Ms. Trine's "confidentiality obligations to the Court in

5

the Hartwell Action" are the legal basis for disqualification.  (*Id.* at 6 (footnote omitted).)[3]

Under that understanding, Defendants restate their basic argument:

> As Plaintiff and Defendants engage in discovery, disputes may arise where Defendants object to the disclosure of certain documents.  It is plausible, and perhaps even inevitable, that documents may be requested by Plaintiff that were also requested in the Hartwell Action and disclosed by Defendants as confidential pursuant to the Hartwell Protective Order.  Ms. Trine already knows the contents of the documents by nature of her representation of the Hartwells and could use that information in seeking their production but for the fact that she is prohibited from doing so under the terms of the Hartwell Protective Order.

(*Id.* at 6–7.)

**B.     Whether Disqualification is Appropriate**

The Court finds that Defendants' arguments lack merit, for two principal reasons.

***First***, Defendants have not carried their burden "to establish the grounds for disqualification." *World Youth Day*, 866 F. Supp. at 1299.  Indeed, Defendants have asserted different legal bases for disqualification in the Motion itself as compared to the reply.  Defendants have also failed to cite a case when a court granted a motion to disqualify (or even considered one) under similar circumstances.  This is probably because protective orders have never been understood to operate this way.  And for good reason.  If protective orders operated as Defendants claim, any party could manipulate the process to virtually guarantee that the opposing party's lawyer could never sue them again.[4]  One would simply agree, with feigned reluctance, to disclose something under a protective order, and then argue in the next case that this lawyer has

---

[3] Defendants' reply does not argue that Colo. RPC 1.7(a)(2) can apply to confidentiality obligations owed to "a third person."  (*See* n.2, above.)

[4] Such disqualification might extend to the opposing lawyer's entire firm as well.  *See* Colo. RPC 1.10(a) (addressing imputed conflicts).

6

an unfair advantage because she already knows what's in the files.

In any event, the only conceivable legal basis for disqualification Defendants have asserted is the *Hartwell* Protective Order itself. If Defendants believe that order has been violated, they can move for appropriate relief in front of Judge Jackson. It is not, by itself, a basis for disqualification here.

***Second***, even if the *Hartwell* Protective Order provided a basis for disqualification in this lawsuit, Defendants have failed to establish a factual basis that would justify such relief. Although Defendants say that the inmate hospital-transfer data should not be considered the "only example" of protected information at issue (ECF No. 183 ¶ 15 n.2), it is nonetheless the only concrete example this Court has to work from— and it works against Defendants' argument, not for it. Defendants' basic complaint is that Ms. Trine now knows what's in Defendants' files. But surely Defendants do not mean to say that the very existence of inmate hospital-transfer records is a secret. Surely it is not—the *Hartwell* docket quite publicly makes clear that records of that type exist, and even the number of them. Moreover, Judge Jackson ruled that the redacted records, as actually produced to Ms. Trine, are not subject to the Protective Order.

If Ms. Trine seeks discovery in this lawsuit that Defendants believe should not be disclosed on account of inmate privacy or jail security concerns, the questions would be relevance, proportionality, and then the need for a protective order in *this* case. The fact that Ms. Trine might know, because of *Hartwell*, that Defendants' resistance to disclosure is just crocodile tears is not a basis for disqualification.

For these reasons, the Motion to Disqualify will be denied.

## C. Relationship of this Ruling to the Todd Bovo/Bovo Law Motion to Withdraw

In addition to Ms. Trine, Ramsey is still represented by Todd Bovo and Paula

Bovo of Bovo Law LLC. Todd Bovo and Bovo Law LLC moved to withdraw on October 24, 2019 ("Motion to Withdraw"). (ECF No. 185.) Because it is unclear if Todd Bovo and Bovo Law LLC can withdraw separately from Paula Bovo, and because the Motion to Withdraw and with the Motion to Disqualify together created the risk that Ramsey would be left without representation, the Court has deferred ruling on the Motion to Withdraw. Due to the disposition announced in this order, there is no longer a risk that Ramsey will be left without representation—Ms. Trine will be his lawyer regardless. However, the question remains whether Todd Bovo and Bovo Law LLC may withdraw separately from Paula Bovo.

Paula Bovo has filed a status report saying that she intends to withdraw, but she has not filed a motion due to the risk that the Motion to Disqualify might be granted, leaving Ramsey without counsel. (ECF No. 187 ¶ 18.) She further represents, "If this Court denies the Defendants' Motion to Disqualify Ms. Trine, Ms. Bovo will file her withdrawal . . . within twenty-four (24) hours of this Court's ruling." (*Id.* ¶ 20.) The Court will order her to do so accordingly, and then resolve that motion and the Todd Bovo/Bovo Law LLC motion together.

### IV. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Defendants' Joint Motion to Disqualify Counsel (ECF No. 183) is DENIED; and
2. Ms. Paula Bovo shall file her motion to withdraw as counsel no later than tomorrow, **December 17, 2019**.

Dated this 16th day of December, 2019.

BY THE COURT:

_____
William J. Martinez
United States District Judge