IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 18-cv-1845-WJM-KLM

BENJAMIN RAMSEY, by and through his guardian and next friend, Karla Ramsey, M.D.,

    Plaintiff,

v.

SOUTHWEST CORRECTIONAL MEDICAL GROUP, INC., *et al.*,

    Defendants.

---

**ORDER GRANTING DEFENDANT BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF DOUGLAS, COLORADO'S MOTION FOR SUMMARY JUDGMENT**

---

Before the Court is Defendant Board of County Commissioners of the County of Douglas, Colorado's (the "County") Motion for Summary Judgment ("Motion"). (ECF No. 270.) For the following reasons, the Motion is granted.

**I. STANDARD OF REVIEW**

Summary judgment is warranted under Federal Rule of Civil Procedure 56 "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–50 (1986). A fact is "material" if, under the relevant substantive law, it is essential to proper disposition of the claim. *Wright ex rel. Trust Co. of Kan. v. Abbott Labs., Inc.*, 259 F.3d 1226, 1231–32 (10th Cir. 2001). An issue is "genuine" if the evidence is such that it might lead a reasonable trier of fact to return a verdict for the nonmoving party. *Allen v. Muskogee, Okla.*, 119 F.3d 837, 839

(10th Cir. 1997) (citing *Anderson*, 477 U.S. at 248).

The moving party bears the initial burden of showing an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). "Once the moving party meets this burden, the burden shifts to the nonmoving party to demonstrate a genuine issue for trial on a material matter." *Concrete Works, Inc. v. City & Cnty. of Denver*, 36 F.3d 1513, 1518 (10th Cir. 1994) (citing *Celotex*, 477 U.S. at 325)). The nonmoving party may not rest solely on the allegations in the pleadings, but must instead "by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324. The court may consider only admissible evidence when ruling on a summary judgment motion. *See World of Sleep, Inc. v. La–Z–Boy Chair Co.*, 756 F.2d 1467, 1474 (10th Cir. 1985). The factual record and reasonable inferences therefrom are viewed in the light most favorable to the party opposing summary judgment. *Byers v. City of Albuquerque*, 150 F.3d 1271, 1274 (10th Cir. 1998) (citing *Concrete Works*, 36 F.3d at 1517).

## II. BACKGROUND AND PROCEDURAL HISTORY

This action arises out of Plaintiff Benjamin Ramsey's detention at the Douglas County Detention Facility ("DCDF") from July 19–21, 2016. (ECF No. 269 at 2 ¶ 1.) Appearing through his mother in her role as legal guardian and next friend, Ramsey alleges that the acts and omissions of numerous parties (collectively, "Defendants") led to him being denied necessary medications while in pretrial detention at the DCDF, which led to seizures and permanent brain damage. (ECF No. 228 at 2.) He alleges, among other things, violations of his Fourteenth Amendment right to adequate medical

care in pretrial detention.  (ECF No. 229.)

On July 19, 2018, Ramsey filed a Complaint against numerous Defendants, including the County.  (ECF No. 1.)  On January 11, 2019, Ramsey filed a Second Amended Complaint ("SAC").  (ECF No. 92.)  On July 19, 2019, the Court dismissed a number of claims from the SAC, some with prejudice and some without.  (ECF No. 149.)  On March 25, 2020, the Court entered its Order Granting in Part and Denying in Part Plaintiff's Motion to Amend.  (ECF No. 228.)  As a result of his injuries, Ramsey alleges in his Third Amended Complaint that, among other things, he suffered permanent injuries including brain damage and ongoing seizures.  (ECF No. 229 at 29.)

On January 19, 2021, the County filed the Motion.  (ECF No. 270.)  On February 22, 2021, Ramsey filed a response in opposition (ECF No. 280), to which the County replied (ECF No. 288).

### III. ANALYSIS

On March 25, 2020, the Court entered its Order Granting in Part and Denying in Part Plaintiff's Motion to Amend, in which the Court directed Ramsey to file a "Notice of *Monell* Theories."  (ECF No. 228 at 16.)  Specifically, the Court directed:

> No later than 28 days before the dispositive motion deadline (currently set for November 20, 2020), Ramsey shall file with the Court a "Notice of *Monell* Theories," stating each theory he asserts in succinct, concrete terms, making clear the pre-existing policy or custom and the causal relationship between the policy or custom and a Defendant's alleged acts or omissions (e.g., "For at least [*amount of time*] before [*date of injury*], [*name of entity*] had a custom of _____, which caused [*name of individual actor*] to _____ instead of _____ on [*date of injury*], in turn causing injury Ramsey because _____.").  For each theory so stated, Ramsey shall support it with a concise summary of evidence developed during discovery to support that theory.  If desired, Ramsey may also provide brief legal argument.

3

Ramsey need not attach supporting materials.[1]

(*Id.* (emphasis in original).)

On December 22, 2020, Ramsey filed Plaintiff's Notice of *Monell* Theories ("Notice"). (ECF No. 266.) While the Notice provides some citations to cases, it cites no evidence from the record. Instead, the Notice explaining Ramsey's *Monell* theories consists of 22 pages of statements which are without any citation to evidence in the record supporting the articulated theories.

In the Motion, the County argues: (1) that it did not delegate policymaking authority to Defendant Southwest Correctional Medical Group ("SWCMG") and thus Ramsey's municipal liability theory against the County based on the non-delegable duty doctrine should fail, and (2) that Ramsey cannot establish any of the three elements of a 42 U.S.C. § 1983 claim against the County because he has no evidence of a County policy or custom, or even a corporate policy or custom of SWCMG, that falls within the requirements of *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978) and could arguably be the cause of his injuries. (ECF No. 270.)

In response to the Motion, Ramsey filed a 34-page brief in opposition. (ECF No. 280.) On pages 26 through 34, Ramsey responds to the County's second overarching argument, namely that Ramsey has no evidence of an unconstitutional SWCMG policy or custom sufficient to establish that a genuine issue of material fact exists such that summary judgment for the County should be denied. Ramsey cites no evidence of record in support of his arguments. (*Id.* at 26–34.) Instead, he states the following:

> Rather than produce undisputed facts and evidence in its
> Motion, Defendant argues relied [*sic*] on "Plaintiff's Notice of

---

[1] The Court's directive in no way lessened Ramsey's burden on summary judgment.

4

> *Monell* Theories" [ECF 266], to argue the County's *Monell* claim should be dismissed. Without waiving any objections to the Defendant producing no evidence in support of its Motion, Plaintiff will also rely on ECF 266. Plaintiff incorporates herein his "Notice of *Monell* Theories" [ECF 266] in its entirety by reference. In addition, please see Statement of Additional Undisputed and Disputed Facts (SAF) ¶¶ 24-29.

(*Id.* at 26 (emphasis in original).) Then, Ramsey provides approximately two pages of legal authority setting forth *Monell* legal standards. (*Id.* at 26–28.) For the next seven pages, Ramsey argues that the Court should deny summary judgment but provides no citations to the record for support of this contention. Rather, as promised, he cites exclusively to his Notice, which as noted above, contains no citations to the record either.[2]

In the reply, the County points out the deficiency in Ramsey's response, stating "Plaintiff offers no evidence of an unconstitutional policy or custom but instead impermissibly relies solely on pleadings prepared by counsel." (ECF No. 288 at 14.) Further, the County emphasizes that "Plaintiff has neglected to come forward with any admissible evidence of an unconstitutional policy or custom by SWCMG. Instead, Plaintiff relies exclusively on argument from counsel of what Plaintiff believes the evidence will show as the only support for SWCMG's alleged policies and customs." (*Id.*) In a footnote, the County underscores that

> Plaintiff failed to include any factual matter relating to alleged SWCMG policies or customs in his Statement of Additional Facts or to provide citations to the factual record as required under the Court's Practice Standards and impermissibly purports to incorporate the entirety of Plaintiff's Notice of

---

[2] Ramsey's direction to the Court that it "please see Statement of Additional Undisputed and Disputed Facts (SAF) ¶¶ 24-29" (ECF No. 280 at 26) does not save him. It is not the Court's job to connect facts to arguments for Ramsey.

5

> *Monell* Theories (*see* Doc. 280 at 26) in contravention of the applicable page limitations. Plaintiff's Notice of *Monell* Theories is not properly before the Court and, in any event, is an unsupported pleading.

(*Id.* at 14 n.3.) In sum, the County contends that "Plaintiff's reliance on Plaintiff's Notice of *Monell* Theories cannot suffice to defeat summary judgment." (*Id.* at 15.)

The Court agrees. Contrary to Ramsey's contention, by highlighting the absence of evidence supporting Ramsey's case, the County properly met its burden—as the movant for summary judgment—of demonstrating the lack of a genuine issue of material fact. *See Mitchell v. City of Moore, Okla.*, 218 F.3d 1190, 1198 (10th Cir. 2000). After the County pointed out this deficiency in Ramsey's prima facie case, as the party opposing summary judgment, Ramsey's burden was to identify specific facts, through affidavits, depositions, or exhibits, from which a rational trier of fact could find in his favor. *Id.* (citation omitted).

In his response, Ramsey argues that "Rather than produce undisputed facts and evidence in its Motion, Defendant argues relied [*sic*] on "Plaintiff's Notice of *Monell* Theories" [ECF 266], to argue the County's *Monell* claim should be dismissed. Without waiving any objections to the Defendant producing no evidence in support of its Motion, Plaintiff will also rely on ECF 266." (ECF No. 280 at 26.) With this statement, Ramsey argues that the County failed to meet its burden as the moving party to demonstrate an absence of a genuine dispute of material fact and entitlement to judgment as a matter of law.

However, Ramsey is engaging in improper burden shifting because the Supreme Court has stated:

> But we do not think the . . . language quoted above should

6

> be construed to mean that the burden is on the party moving for summary judgment to produce evidence showing the absence of a genuine issue of material fact, even with respect to an issue on which the nonmoving party bears the burden of proof. Instead, as we have explained, the burden on the moving party may be discharged by "showing"—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case.

*Celotex*, 477 U.S. at 325.

Here, the County has pointed the Court to a lack of evidence supporting Ramsey's *Monell* claims. (ECF No. 270 at 23–32.) For example, the County states that "Plaintiff has identified no inmates prior to his incarceration, and two inmates subsequent to his incarceration of which Douglas County was allegedly aware of an occurrence where an inmate did not receive medication," and argues that these few incidents are insufficient to establish a custom and practice on the part of SWCMG. (ECF No. 270 at 25–26 (citing ECF No. 266 at 8–9).) Later, the County argues that "Plaintiff has no evidence that Dr. Herr, prior to Plaintiff's transport from the Jail, was aware of wrongful conduct causing Plaintiff's alleged injuries and deliberately failed to remedy it." (ECF No. 270 at 26.)

With these arguments and numerous others which the Court declines to repeat here, the County has met its burden as a summary judgment movant to argue that Ramsey lacks evidence which meets the requirements of *Monell*. Further, in the reply, the County highlights the problem with Ramsey's response brief, which lacks citations to the record. "Since Plaintiff has not provided evidence to support his allegations, the County is left to speculate on the basis for those allegations." (ECF No. 288 at 15 n.4.)

The Tenth Circuit teaches that "the argument of counsel is not evidence, and cannot provide a proper basis to deny summary judgment." *Pinkerton v. Colo. Dep't of*

7

*Transp.*, 563 F.3d 1052, 1061 (10th Cir. 2009) (citing *Hinds v. Sprint/United Mgmt. Co.*, 523 F.3d 1187, 1198 n.6 (10th Cir. 2008) (stating that, "[t]o avoid summary judgment, a party must produce specific facts showing that there remains a genuine issue for trial" and that "mere conjecture" is insufficient)).  On a motion for summary judgment, "it is the responding party's burden to ensure that the factual dispute is portrayed with particularity, without . . . depending on the trial court to conduct its own search of the record."  *Cross v. The Home Depot*, 390 F.3d 1283, 1290 (10th Cir. 2004) (quoting *Downes v. Beach*, 587 F.2d 469, 472 (10th Cir. 1978)); *see also Mitchell*, 218 F.3d at 1199 ("The district court was not obligated to comb the record in order to make [the plaintiff's] arguments for him.").  "A brief must make all arguments accessible to the judges, rather than ask them to play archaeologist with the record."  *DeSilva v. DiLeonardi*, 181 F.3d 865, 867 (7th Cir. 1999).

Based on the deficient presentation by Ramsey's counsel in response to the Motion, the Court finds that Ramsey has failed to meet his burden of presenting specific facts, by reference to specific exhibits in the record, to overcome the motion for summary judgment.[3][4]  *See Mitchell*, 218 F.3d at 1199.  Therefore, the County is entitled

---

[3] The Tenth Circuit has found that the district court is not required to give a party the chance to correct inadequacies in a brief.  *See Mitchell*, 218 F.3d at 1199 ("No matter how often they are made to feel the part, our brothers and sisters on the district court bench should not be cast in the role of stage director of the litigation drama—forced to prod the actors through rehearsals until the proper performance is achieved. To do so would not only consume an inordinate amount of time, but would result in courts abandoning their neutrality and becoming advocates in the adversarial process. We will not sanction such a transformation.").  Additionally, the district court is not required to go beyond the referenced portions of the materials because if it were otherwise, "the workload of the district courts would be insurmountable and summary judgment would rarely be granted."  *Id.* (quotation marks omitted).

[4] The Court need not address the County's first argument, because even if the Court found in Ramsey's favor on the issue of delegation of policymaking authority and the non-delegable duty doctrine, the County would nonetheless be entitled to summary judgment based on the deficiencies in Ramsey's arguments on the merits, explained above.

to summary judgment in this case.

## IV. CONCLUSION

For the foregoing reasons, the Court ORDERS:

1. Defendant Board of County Commissioners of the County of Douglas, Colorado's Motion for Summary Judgment (ECF No. 270) is GRANTED;

2. At the time the Clerk enters final judgment on all claims and as to all parties, he shall enter judgment in favor of Defendant Board of County Commissioners of the County of Douglas, Colorado and against Plaintiff Benjamin Ramsey, by and through his guardian and next friend, Karla Ramsey, M.D.; and

3. At the time of entry of final judgment in this action, Defendant Board of County Commissioners of the County of Douglas, Colorado shall have its costs reasonably incurred in this action upon compliance with D.C.COLO.LCivR 54.1.

Dated this 28th day of July, 2021.

BY THE COURT:

_____
William J. Martinez
United States District Judge